**CHICAGO PARK DISTRICT, Plaintiff,**

v.

**The SANITARY DISTRICT OF HAMMOND, et al., Defendants.**

**No. 81 C 1353.**

United States District Court,
N. D. Illinois, E. D.

Oct. 26, 1981.

See also, D.C., 519 F.Supp. 293.

Joseph A. Power, Chicago, Ill., for plaintiff.

David O. Toolan, John L. Conlon, Jeremiah Marsh, Michael Schneiderman, Hopkins & Sutter, Chicago, Ill., for Hammond defendants.

Robert H. Joyce, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., Melvin H. Kurtz, Lever Bros., New York City, and Joel C. Levy, Terence Austgen, Singleton, Levy, Crist & Johnson, Highland, Ind., for defendant Lever Bros.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Chicago Park District ("District") sues the Sanitary District of Hammond, its board members Joseph A. Perry, Thomas C. Conley, Gilbert Delaney and Theodore Dunajeski and the City of Hammond (the "Hammond Defendants") and Lever Brothers Company ("Lever") claiming that defendants have discharged certain pollutants into Lake Michigan in violation of federal common law and Illinois statutory and common law.[1] Lever has moved to dismiss the Complaint or in the alternative to transfer this action under 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Indiana, Hammond Division. Hammond Defendants have also moved to dismiss the Complaint. For the reasons stated in this memorandum opinion and order:

(1) Defendants' motions to dismiss are granted.

(2) Because the Fed.R.Civ.P. ("Rule") 12(b)(6) problems posed by the Complaint cannot be cured, this action is dismissed.

On April 28 of this year the Supreme Court decided *City of Milwaukee v. States of Illinois and Michigan*, 451 U.S. 304, 101 S.Ct. 1784, 68 L.Ed.2d 114 (1981) ("*Milwaukee II*"). *Milwaukee II* held enactment of the Federal Water Pollution Control Act

---

1. Counts I and VI of District's six-count Complaint allege that defendants have violated the federal common law of nuisance, recognized in *State of Illinois v. City of Milwaukee*, 406 U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972) ("*Milwaukee I*"), by polluting Lake Michigan. Counts II–V allege that defendants have also violated various provisions of Illinois law: Illi-

nois Environmental Protection Act ("E.P. Act"), Ill.Rev.Stat. ch. 111½, §§ 1012(a) and 1042 and Rule 203 of the Illinois Pollution Control Board Rules and Regulations (Count II); E.P. Act §§ 1003(n) and 1042 (Count III); Illinois Public Nuisance Act, Ill.Rev.Stat. ch. 100½, and Illinois common law nuisance (Count IV); common law trespass (Count V).

Amendments of 1972 had superseded the federal common law of nuisance, so that no remedy was available under that theory to the State of Illinois (there contesting pollution discharges into Lake Michigan by the City of Milwaukee). District does not contest the obvious applicability of *Milwaukee II* to its own Complaint: Counts I and VI, predicated entirely on the federal common law of nuisance, must be dismissed for failure to state a cause of action. Thus the only remaining issue is whether District may still maintain its Illinois state law claims against defendants.

Hammond Defendants and Lever advance two theories for dismissal of Counts II–V:

(1) Counts II–V were pendent to the federal law claims. Because the latter have been dismissed there remains no jurisdictional basis for this Court to consider the former.

(2) Illinois law cannot be applied to an alleged polluter located in another state.

Lever also urges dismissal of District's state law claims because the Complaint fails to allege Lever proximately caused the alleged pollution. Because the second proposition is well founded and compels dismissal of all claims grounded in state law, the first and third theories need not be considered here.

### Applicability of Illinois Law to Out-of-State Dischargers

Defendants contend that under *Milwaukee II* and prior case law, Illinois pollution control laws cannot be enforced against "out-of-state dischargers." At the outset Section 510 of the Federal Water Pollution Control Act (the "Act"), 33 U.S.C. § 1370, might be read to support the contrary proposition: It states that nothing in the Act shall preclude States from adopting and enforcing limitations on the discharge of pollutants more stringent than those adopted under the Act. Defendants urge, however, that *Milwaukee II* prohibits application of such state laws to out-of-state dischargers (101 S.Ct. at 1797–98, emphasis in original):

It is one thing, however, to say that States may adopt more stringent limitations ... and apply them to in-state dischargers. It is quite another to say that the States may call upon *federal* courts to employ *federal* common law to establish more stringent standards applicable to out-of-state dischargers.

Arguably defendants read too much into *Milwaukee II*. Its focus was on the relationship between the Act and federal common law, with the Court concluding the Act wholly superseded the previously-recognized federal common law. Defendants would effectively alter the second quoted sentence to read:

It is quite another to say that the States may call upon *federal* courts to [apply those] more stringent standards ... to out-of-state dischargers.

Such an alteration is not compelled by any negative inference from the first quoted sentence. Indeed any such negative inference is balanced by the absence of any such express limitation on state power in Section 510 of the Act.

But while *Milwaukee II*—looked at alone—would thus leave uncertain the place of state laws in regulating interstate pollution, that decision did not vitiate earlier specific pronouncements on the issue. Our own Court of Appeals has twice held that federal common law preempted state statutory and common law where interstate polluters are involved. *People of the State of Illinois v. City of Milwaukee*, 599 F.2d 151, 177 n.53 (7th Cir. 1979), *rev'd on other grounds* in *Milwaukee II; City of Evansville v. Kentucky Liquid Recycling, Inc.*, 604 F.2d 1008, 1021 (7th Cir. 1979). Those decisions were in turn based on the consideration expressed by the Supreme Court in *Milwaukee I*, 406 U.S. at 107 n.9, 92 S.Ct. at 1395 n.9 (quoting an earlier Court of Appeals decision; emphasis added):

Federal common and not the varying common law of the individual States is, we think, entitled and necessary to be recognized as a basis for dealing in uniform standard with the environmental rights of a State *against improper impairment by sources outside its domain.*

Replacement of federal common law by a comprehensive federal statutory scheme—the Act—does not make inapplicable the

teaching of those decisions. It would be bizarre to hold that state law claims against out-of-state dischargers were preempted by federal common law but not by the comprehensive federal statute that has in turn preempted that federal common law. Uniformity in the interstate regulation of pollution is a concern of the same magnitude whatever form the federal response may take.[3] Accordingly District's state law claims comprising Counts II–V cannot be maintained in light of the comprehensive federal statute under which interstate pollution claims may be brought.

### Conclusion

Defendants' motions to dismiss the Complaint are granted. Because the flaws discussed in this opinion are incapable of being cured by amendment, District's action is dismissed.

**3.** Uniformity considerations expressed by our Court of Appeals and the Supreme Court would not be put to rest simply by ensuring that state standards were no more stringent than those under the Act. Uniformity of regulatory means as well as standards is obviously relevant in this area. None of the decisions holding state law inapplicable to interstate pollution under federal common law suggested that principle would not apply where no substantive conflict existed between state and federal law. If anything *State of Illinois*, 599 F.2d at 177 n.53, and *City of Evansville*, 604 F.2d at 1021, directly support the contrary conclusion.